**Richard Ronald DATZ, Jr.,
Plaintiff–Appellant,**

v.

**Gordy KILGORE, Detective; Dennis Kirkland, Detective; Cobb County Police Department, Defendants–Appellees.**

No. 93–8223.

United States Court of Appeals,
Eleventh Circuit.

May 2, 1995.

Richard Ronald Datz, Jr., pro se, Macon, GA.

Jerry Lovvorn Gentry, Carol Awtrey Callaway, Office of Cobb County Attorney Law Department, Marietta, GA, for appellees.

Before EDMONDSON and CARNES, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This case arises from the arrest of plaintiff, Richard Datz, by defendants, Gordy Kilgore and Dennis Kirkland, members of the Cobb County Police Department. During a burglary investigation Datz consented to the search of his car by defendants. Defendants

found a rifle. Because Datz was a felon, the rifle was seized; and, Datz was arrested and prosecuted for being a felon in possession of a firearm. *See* O.C.G.A. § 16–11–131.

During his trial in state court, Datz moved to suppress evidence of the rifle, arguing that the search of his car violated the Fourth Amendment. The state court denied the motion, finding and concluding specifically that Datz freely and voluntarily consented to the search of his car and, alternatively, that defendants had probable cause to search the car. Datz was convicted, and his conviction was affirmed on appeal. *Datz v. State,* 210 Ga.App. 517, 436 S.E.2d 506 (1993).

Before the criminal trial began, Datz filed a civil suit against defendants in federal district court under 42 U.S.C. § 1983, claiming that the search of his car violated his Fourth Amendment rights. Datz did not directly go against his state court conviction in his section 1983 suit.[1]

After Datz' conviction in state court, the district court concluded that the *Rooker–Feldman*[2] doctrine barred Datz' claim and dismissed the federal case. The *Rooker–Feldman* doctrine holds that a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Staley v. Ledbetter,* 837 F.2d 1016, 1018 (11th Cir.1988) (quoting *Wood v. Orange County,* 715 F.2d 1543, 1546 (11th Cir.1983)). Because the state court held a hearing and fully considered the legality of the search, the district court concluded that, under *Rooker–Feldman,* the federal court lacked jurisdiction to reconsider the issue.

■ We study the federal claim to determine if it is "inextricably intertwined" with the state court judgment and, thus, barred under *Rooker–Feldman.* A federal suit is so intertwined with the earlier state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decid-

---

1. *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent

source, and harmless error. *See Heck,* —— U.S. at —— n. 7, 114 S.Ct. at 2372 n. 7.

2. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

ed the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

Under a *Rooker–Feldman* analysis we look not at the array of potentially applicable doctrines that can validate the fruit of a doubtful Fourth Amendment search, but at the actual arguments of the parties and the issues decided in state court. The state court upheld the constitutionality of the pertinent search; so, plaintiff Datz cannot have success on the merits of his section 1983 claim unless the state court was wrong in its conclusion that the search was lawful. Here, the federal proceeding is inextricably intertwined with the state court judgment; and the federal suit is barred. Because the state court did squarely adjudicate the issue of the lawfulness of the search, Datz' section 1983 suit is nothing but a "prohibited appeal of the state-court judgment." *Pennzoil*, 481 U.S. at 25, 107 S.Ct. at 1533. *See also Narey v. Dean*, 32 F.3d 1521, 1524–25 (11th Cir.1994).

The dismissal of Datz' action is AFFIRMED.