Vicki M. **ROBERTS**, Plaintiff,

v.

**LOS ANGELES CITY FIRE DEPARTMENT; et al.,** Defendants.

No. CV 9912551 DDP MANX.

United States District Court, C.D. California.

Feb. 16, 2000.

Richard G. Sherman, Richard G. Sherman law Offices, Los Angeles, CA, for Vicki M. Roberts.

G. Daniel Woodard, Los Angeles City Atty. Office, Kenneth F. Carrasco, Los Angeles, CA, Raymond J. Fuentes, Fuentes & McNally, Glendale, CA, for City of Los Angeles, James H. Thornton.

Raymond J. Fuentes, Fuentes & McNally, Glendale, CA, for Los Angeles Dist. Attorney's Office, Los Angels County, Michael J. Cabral, Gil Carcetti.

## ORDER GRANTING MOTION TO DISMISS

PREGERSON, District Judge.

This matter comes before the Court on a motion to dismiss by the defendants County of Los Angeles, Los Angeles District Attorney's Office, Michael Cabral, and Gil Garcetti (hereinafter the "County defendants"). After reviewing and considering the materials submitted by the parties and hearing oral argument, the Court finds that the complaint should be dismissed on the grounds that it is barred by the Rooker–Feldman abstention doctrine.

## BACKGROUND

The plaintiff, Vicki M. Roberts, is an attorney who represents "certain suspects in an on-going criminal investigation." (Compl. at ¶ 1.) On December 3, 1998, Roberts alleges that her home was raided by the police pursuant to a search warrant. (See id. at 2.) The police allege that they were conducting a search related to the on going investigation of an arson for profit scheme, in which Roberts is a suspect but has not been charged. (See id. at 5; Mot. at 6.)

Roberts alleges that investigators recovered and removed approximately forty-five banker boxes of materials and documents from her home. Roberts further alleges that these documents include materials protected by the attorney-client and work product privileges. (See Compl. at ¶ 18.)

Roberts asserted that the search warrant was based on false and misleading statements, and she requested a hearing to challenge the validity of the warrant. (See id. at 8.) She was granted a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) ("Franks" hearing). At the hearing, Roberts alleged that defendant James Thornton proffered a false declaration in order to obtain the warrant. (See Compl. at 7; Mot. at 7.)

Roberts alleges that the state court that conducted the Franks hearing denied her

a full and fair hearing by: (1) denying her the right to offer testimony regarding the false statements made in the search warrant affidavit, and limiting her cross-examination of Thornton; (2) failing to conduct any hearing on the crime-fraud exception or an in-camera review of the documents prior to providing the defendants with privileged communications; (3) failing to review and make records of all of the seized materials, and failing to remove those documents outside the scope of the warrant before delivering the documents to the defendants; (4) ruling contrary to the clear evidence presented and not considering evidence before the court; (5) refusing to permit the plaintiff to introduce evidence that proves that the defendants knew that their allegations were false; (6) making misstatements on the record as to the state court's review of the materials; and (7) relying improperly on an eviscerated search warrant affidavit. (*See* Compl. at ¶ 21.)

The plaintiff also contends that the state trial court exhibited actual bias toward her, including but not limited to gender bias. (*See id.* at 12.)

The California trial court upheld the warrant in the *Franks* hearing and Roberts appealed the ruling by way of a Petition for Writ of Mandate and/or Prohibition or Other Extraordinary Relief. (*See* Mot. at 7–8.) Both the California Court of Appeals and the California Supreme Court denied the plaintiff's writ of mandate-prohibition. (*See id.* at 8, 24–26; *Roberts v. Superior Ct.*, Appellate Case No. B 130489.)

Roberts has also filed two state court lawsuits related to these claims. The first suit was filed on October 7, 1999, and the second on November 1, 1999. (*See id.* at 29, 61.) The County defendants filed a demur in both of these cases. The trial court sustained the County defendants' demur in the first case, leaving twenty days for the plaintiff to amend her complaint regarding the injunctive relief claim. The hearing on the demur in the second case

was continued until January 19, 2000. (*See* Mot. at 9–10.)

Roberts filed the instant action on December 1, 1999, alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution and seeking both declaratory and injunctive relief. Specifically, Roberts seeks "a full and fair hearing which will result in the quashing of the warrant [and] suppression of the materials seized," a ruling that the state court's decision is vacated, removal of the arson investigative team, and a judicial declaration that the search of her house was unconstitutional. (Compl. at ¶¶ 32–41.)

In the present motion, the County defendants move to dismiss the action on the grounds that Roberts' claims are barred by res judicata, the Eleventh Amendment, and prosecutorial immunity.

## DISCUSSION

### A. *Legal Standard*

The County defendants move the Court to dismiss the plaintiff's thirty-eighth claim pursuant to Federal Rule of Civil Procedure 12(b). Dismissal under Rule 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Newman v. Universal Pictures*, 813 F.2d 1519, 1521–22 (9th Cir.1987). The court must view all allegations in the complaint in the light most favorable to the non-movant and must accept all material allegations—as well as any reasonable inferences to be drawn from them—as true. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983).

### B. *Analysis*

█ In this motion, the County defendants move to dismiss on the grounds that the plaintiff's claims are barred by the doctrine of res judicata, the Eleventh Amendment, and prosecutorial immunity. However, as a preliminary matter, the

Court must address the issue of subject matter jurisdiction. The United States District Court is a court of original jurisdiction, and therefore does not have jurisdiction to conduct appellate review of state court proceedings. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). Thus, a district court cannot review state court decisions "in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Instead, "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir.1996).

 This principle has come to be known as the *"Rooker–Feldman"* doctrine. *See* Schwarzer, et al., *Federal Civil Procedure Before Trial*, ¶ 2:1380 at 2E–85 (1999) (referring to this limitation on review of state court judgments as *"Rooker–Feldman"* doctrine). The rationale behind the doctrine is that state courts are as competent as federal courts at ruling on issues of federal and constitutional law. *See Worldwide Church of God*, 805 F.2d at 891. Because the Rooker–Feldman doctrine relates to the court's subject matter jurisdiction, the court may raise the issue sua sponte. *See id.* at 890 (citing *Solano v. Beilby*, 761 F.2d 1369, 1370 (9th Cir.1985)); *see also Young*, 90 F.3d at 1230· (raising *Rooker–Feldman* doctrine sua sponte).

 The *Rooker–Feldman* doctrine applies when a federal plaintiff was a party to a state court action and is essentially challenging an adverse decision by the state court. *See* Schwarzer, *supra*, ¶ 2:1388 at 2E–87. The Ninth Circuit has held that the doctrine bars review of non-final as well as final state court decisions.

*See Dubinka v. Judges of Superior Ct.*, 23 F.3d 218, 221 (9th Cir.1994).

 Although *Rooker–Feldman* prevents the Court from reviewing the substance of a state court's decision, the Court "does have jurisdiction over a 'general' constitutional challenge that does not require review of a final state court decision in a particular case." *Worldwide Church of God*, 805 F.2d at 891. Thus, "[t]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Young*, 90 F.3d at 1231 (citations and internal quotations omitted). For example, a federal district court may have jurisdiction to review the constitutionality of a state law, but not the constitutionality of a state court's application of that law in a specific case. *See* Schwarzer, *supra*, ¶ 2:1382 at 2E–86.

 In the present matter, Roberts' two causes of action and her prayer for relief appear "inextricably intertwined" with the state court's *Franks* hearing regarding the validity of the search warrant. *See Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. 1303. The plaintiff claims that her Fourth Amendment rights were violated because the police conducted a search pursuant to an invalid warrant. The plaintiff also claims that her procedural due process rights were violated when the state court failed to properly find that the warrant lacked probable cause. The plaintiff is seeking injunctive relief which would provide her with "a full and fair hearing which will result in the quashing of the warrant and suppression and return of the seized materials." (Compl. at ¶¶ 16–17.) Additionally, she is seeking "a finding vacating the orders of the state court for lack of probable cause, bias, and lack of jurisdiction." (*Id.*) All of these requests are in essence an attempt by Roberts to obtain appellate review of the state court's *Franks* hearing.

The plaintiff asserts that *Rooker–Feldman* only applies to collateral attacks on civil judgments, and that the doctrine does not bar subsequent civil cases in federal court that challenge the denial of due process by a state court in a criminal proceeding. (*See* Supp. P & A's in Opp. to Mot. to Dismiss at 6–7.) However, the *Rooker–Feldman* doctrine is not so limited. *See Datz v. Kilgore*, 51 F.3d 252, 253–54 (11th Cir.1995) (dismissing § 1983 case that challenged the constitutionality of car search under *Rooker–Feldman* doctrine).[1]

## CONCLUSION

Therefore, as set forth above, the Court finds that the plaintiff's claims are barred by the *Rooker–Feldman* doctrine.

Because the Court is dismissing the complaint pursuant to the *Rooker–Feldman* doctrine, the Court need not address the defendant's argument that the case should be dismissed on the grounds of res judicata, the Eleventh Amendment, and prosecutorial immunity.

IT IS SO ORDERED.

---

1. The plaintiff's supplemental brief cites *Young* for the proposition that *Rooker–Feldman* does not apply when the initial state court proceeding was criminal rather than civil. (*See* Supp. P & A's in Opp. to Mot. to Dismiss at 6–7.) However, *Young* does not stand for that proposition. In *Young*, the Seventh Circuit stated as follows:

> [The *Rooker–Feldman*] doctrine articulates the limitations on the district court's power to review state court civil proceedings … Beyond the limited authority to examine state judicial proceedings pursuant to habeas corpus review of certain custodial situations, … district courts have no authority to review the proceedings or final judgments of state courts.

*Young*, 90 F.3d at 1230. Thus, the *Young* court stated that although *Rooker–Feldman* bars federal review of *most* final state court proceedings, it does not bar federal review of state court criminal proceedings that are brought by petition for writ of habeas corpus.