**GAYFER MONTGOMERY FAIR CO. d/b/a Dillard's, Plaintiff,**

v.

**Pinkey Burns AUSTIN, Defendant.**

No. Civ.A. 02–A–508–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 24, 2002.

Timothy A. Palmer, Brian R. Bostick, Birmingham, AL, for Plaintiff.

Raymond L. Jackson, Jr., Auburn, AL, for Defendant.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *FACTS AND PROCEDURAL HISTORY*

This cause is before the court on a Motion to Compel Arbitration filed by the Plaintiff, Gayfer Montgomery Fair Co. d/b/a "Dillard's" ("Dillard's").

The Defendant, Pinkey Burns Austin ("Austin"), is a former Dillard's employee.

She filed a state court action against Dillard's, seeking workers' compensation benefits and bringing a wrongful discharge claim. After the state court action was filed, Dillard's filed a declaratory judgment action in this court, seeking a declaration under the Federal Arbitration Act that Austin was compelled to arbitrate her retaliatory discharge claim.

Dillard's raised the arbitration issue in the state court action. On July 10, 2002, the state court issued an order denying Dillard's motion to compel arbitration, finding that the arbitration agreement was unconscionable. Austin asks the court to deny the Motion to Compel Arbitration, or to stay this case.

When the court initially reviewed the submissions in support of and in opposition to the Motion to Compel Arbitration, the court found significant that a state court had already ruled on a motion to compel arbitration in the underlying state case. It appeared to this court that the *Rooker–Feldman* doctrine might be applicable, and, this being a matter of subject matter jurisdiction, the court asked for briefing on this and an additional issue regarding subject matter jurisdiction.

Before the court are the briefs filed in response to this court's Order, and the submissions in support of and in opposition to the Motion to Compel Arbitration.

## II. *STANDARD FOR A MOTION TO COMPEL ARBITRATION*

Pursuant to the Federal Arbitration Act, a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" to petition the court "for an order

directing that such arbitration proceed." 9 U.S.C. § 4. When a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

## III. *DISCUSSION*

■ According to the *Rooker–Feldman* doctrine, a federal district court is without jurisdiction to review final state court judgments. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The doctrine has two statutory bases: (1) 28 U.S.C. § 1257, which limits federal review of state court proceedings to the United States Supreme Court, and (2) 28 U.S.C. § 1331 which provides that federal district courts are courts of original jurisdiction. *Powell v. Powell,* 80 F.3d 464, 466 (11th Cir.1996).

Other circuits have applied a rule that while the *Rooker–Feldman* doctrine is generally stated in terms of final orders by state courts, the *Rooker–Feldman* doctrine, as opposed to res judicata principles, can apply to interlocutory orders. *See Doctor's Associates, Inc. v. Distajo,* 107 F.3d 126, 138 (2d Cir.1997). Although the Eleventh Circuit does not appear to have addressed the application of the *Rooker–Feldman* doctrine in the context of motions to compel arbitration ruled on by state courts and pending in federal courts, the doctrine has been applied in that context by at least one circuit court and other district courts. *See Friedman's, Inc. v. Dunlap,* 290 F.3d 191 (4th Cir.2002); *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194 (4th Cir.2000); *Circuit City Stores v. McLemore,* No. C 01–03309 SBA,

2001 WL 1705659 at *6 n. 7 (N.D.Cal. Dec. 4, 2001) (noting that the Fourth Circuit and numerous district courts have applied the *Rooker–Feldman* doctrine in cases with motions to compel arbitration).

Dillard's raises two arguments in opposition to the application of the doctrine in this case. Dillard's states that applying the doctrine here would be inconsistent with Eleventh Circuit precedent which requires that the state court have entered a final, not interlocutory, order before the doctrine applies. *See Siegel v. Lepore*, 234 F.3d 1163 (11th Cir.2000) (*Rooker–Feldman* does not apply where state court's decision was vacated by the United States Supreme Court); *David Vincent, Inc. v. Broward Co.*, 200 F.3d 1325 (11th Cir.2000) (*Rooker–Feldman* does not apply where Florida state court denied a request for a preliminary injunction).[1]

Unlike an order denying a preliminary injunction, which is merely a beginning step in the litigation, a denial of a motion to compel arbitration ends the consideration of arbitration issues until judgment is entered at the end of a trial or as a result of dispositive motions. Further, as Austin points out, a ruling denying a motion to compel arbitration is a final, appealable order under Alabama law. Alabama Rule of Appellate Procedure 4(d) provides as follows: "An order granting or denying a motion to compel arbitration is appealable as a matter of right, and any appeal from such an order must be taken within 42 days (6 weeks) of the date of entry of the order...." The Alabama Supreme Court has interpreted this rule to mean that "[w]hile the denial of a motion to compel arbitration similarly may not fit neatly within the categories of 'interlocutory' and 'final' orders, this Court has held ... that such an order is appealable ..." *Ex parte*

*Roberson,* 749 So.2d 441, 447 (Ala.1999). The court analogized a denial of a motion to compel arbitration to an order denying class certification, which the court stated "is a 'final' order and may be appealed." *Id.* The court went on to note that it had previously held that an appealable order entered by a trial court is a "judgment." *Id.* at 448.

■■■ Based on Alabama Rule of Appellate Procedure 4(d), and the Alabama Supreme Court's description of an order denying a motion to compel arbitration, the court must conclude that the trial court's denial of Dillard's motion to compel arbitration is a final order under Alabama law. As the *Rooker–Feldman* doctrine is not limited to state court appellate judgments, *see Powell,* 80 F.3d at 467, the state court's determination can be the basis of the application of the *Rooker–Feldman* doctrine.

The next argument raised by Dillard's is that the instant case was not an attempt to appeal a state court order, as it had been filed before the state court ruled. While there are cases, such as the Second Circuit's decision is *Distajo,* in which the timing issue has been found to be important, the timing issue was not dispositive in the Fourth Circuit's determination that the *Rooker–Feldman* doctrine applied where a motion to compel arbitration had been pending in both state and federal court, but was first ruled on by the state court. *See Friedman's,* 290 F.3d at 194.

■■■ This court recognizes that the pendency of an action in the state court generally is not a bar to proceedings concerning the same matter in the federal court having jurisdiction. *See McClellan v. Carland,* 217 U.S. 268, 281, 30 S.Ct. 501, 54

---

**1.** An order ruling on a request for preliminary injunction is an appealable nonfinal order under Florida law. *See* Fla.R.App.P. 9.130(a)(3)(B); *Department of Professional Regulation v. Fernandez–Lopez,* 407 So.2d 286, 287 (Fla.App. 3 Dist.1981).

L.Ed. 762 (1910). The Eleventh Circuit has not held, however, that the *Rooker–Feldman* doctrine's prohibition against a federal district court exercising appellate authority over a state court decision only applies when the federal case is filed after the state court has made its determination. In fact, the Eleventh Circuit has applied the *Rooker–Feldman* doctrine in a case in which a federal lawsuit was filed before the state court had ruled. *See Datz v. Kilgore*, 51 F.3d 252 (11th Cir.1995) (per curiam).

In *Datz*, a defendant was arrested and prosecuted for a criminal offense. Before his state court trial began, he filed a federal lawsuit, claiming that a search violated his Fourth Amendment rights. During his state court trial, he moved to suppress evidence on the basis of the alleged Fourth Amendment violation. The state court denied the motion. The defendant was ultimately convicted. Upon his conviction, the federal district court dismissed the federal lawsuit on the basis of the *Rooker–Feldman* doctrine. The Eleventh Circuit affirmed, concluding that the federal suit was intertwined with the earlier state court judgment because the plaintiff in the federal suit could not have success on the merits unless the state court was wrong in its conclusion that the search was lawful. *Id.* at 254. Even though the federal court suit was filed before the defendant raised the Fourth Amendment issue in state court, and before the state court had ruled on that issue, the Eleventh Circuit concluded that because the state court adjudicated the lawfulness of the search, the federal suit was "nothing but a 'prohibited appeal of the state-court judgment.'" *Id.* at 254. Although the Eleventh Circuit did not directly address the fact that the federal suit was pending at the time that the state court ruled, the Eleventh Circuit clearly applied the *Rooker–Feldman* doctrine under those facts. Under this Eleventh Circuit case, therefore, the dispositive factor is the degree to which the federal and state decisions are intertwined, not the timing of the filing of the requested relief.

■ Under Eleventh Circuit precedent a federal case is "inextricably intertwined" if the effect of a federal court's decision would be to nullify the state court's judgment. *Powell*, 80 F.3d at 467. To allow such review would be to allow a state court determination to be collaterally reviewed and reversed in federal court, which is not allowed under *Rooker–Feldman*. *Id.*

A district court from another circuit has explicitly determined that the *Rooker–Feldman* doctrine can apply to a federal suit which was pending at the time of the state court action, and in doing so has distinguished the contrary *Distajo* decision. *See American Reliable Ins. Co. v. Stillwell*, 212 F.Supp.2d 621 (N.D.W.Va. 2002). In *Stillwell*, the court found significant both that although the federal petition for arbitration was pending when the state court denied arbitration, the party did not actively pursue arbitration until it had received an adverse ruling in state court, and that the brief in support of arbitration effectively asked for the federal court to find that the state court made a wrong decision. Under these facts, the court concluded that the pendency of the federal action at the time the state court ruled did not bar application of the *Rooker–Feldman* doctrine. *Id.* at 627.

This court must conclude, therefore, that neither of Dillard's arguments against the application of the *Rooker–Feldman* doctrine in this case establish that this court has jurisdiction now that the state court has acted. Further, Dillard's has argued that the "order issued by the state court violates the FAA because it applies a different standard of unconscionability to an arbitration agreement than to any other contract." Reply Brief in Support at page 7. Dillard's also states that a finding of

unconscionability by the state court is inconsistent with recent Eleventh Circuit precedent. *Id.* at page 6. Dillard's has cited to evidence in support of an argument that all employees were made to sign arbitration agreements as a condition of employment. Dillard's argument, that this court should review the state court's finding of unconscionability and determine that the application of state law to the arbitration agreement in this case is inconsistent with federal law, amounts to an impermissible appeal. *See Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1433 (10th Cir.1984) (case is inextricably intertwined if the federal court must review the state court's application of a rule to the facts of the case); *Stillwell,* at 625–26 (*Rooker–Feldman* applied where plaintiffs argued that state court ruling that arbitration clause had not been separately bargained for failed to follow the law under the FAA and Supreme Court authority).

The instant case might not fall as clearly within the scope of the *Rooker–Feldman* doctrine as does a case in which there is a final judgment on the merits in state court before the federal court action is filed. Under Alabama state law, however, an order denying arbitration is a final, appealable order. Further, the Eleventh Circuit has applied the *Rooker–Feldman* doctrine even when a federal case raising the relevant issue was pending at the time of the state court's ruling. Therefore, under Alabama and Eleventh Circuit law, and given that Dillard's has specifically argued that this court should determine that the state court finding of the unconscionability of the arbitration contract is incorrect, this court must conclude that this case is inextricably intertwined with the state court judgment on the motion to compel arbitration and, therefore, is equivalent to a prohibited appeal of the state court judgment. *See Datz,* 51 F.3d at 254.

## IV. *CONCLUSION*

For the reasons stated above, the court concludes that it lacks subject matter jurisdiction. The court is, therefore, without jurisdiction to rule on the pending Motion to Compel Arbitration, and the case is due to be DISMISSED without prejudice. A separate Order will be entered in accordance with the Memorandum Opinion.

## *ORDER*

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED that the case is DISMISSED without prejudice, and costs are taxed against the Plaintiff.