PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AMERICAN RELIABLE INSURANCE
COMPANY; AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA;
CAMPBELL INSURANCE SERVICES,
INCORPORATED,
　　　　　　*Plaintiffs-Appellants,*

v.

ROBERT STILLWELL; HELEN
STILLWELL,
　　　　　　*Defendants-Appellees.*

No. 02-1431

AMERICAN RELIABLE INSURANCE
COMPANY; AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA;
CAMPBELL INSURANCE SERVICES,
INCORPORATED,
　　　　　　*Plaintiffs-Appellees,*

v.

ROBERT STILLWELL; HELEN
STILLWELL,
　　　　　　*Defendants-Appellants.*

No. 02-1807

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CA-01-59)

Argued: February 24, 2003

Decided: July 16, 2003

Before TRAXLER and SHEDD, Circuit Judges, and
C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

---

Affirmed by published opinion. Judge Traxler wrote the opinion, in which Judge Shedd and Senior Judge Beam joined.

---

### COUNSEL

**ARGUED:** Stephan Isaiah Voudris, JORDEN BURT, L.L.P., Miami, Florida, for Appellants. Thomas Clark Schultz, Wheeling, West Virginia, for Appellees. **ON BRIEF:** Markham R. Leventhal, JORDEN BURT, L.L.P., Miami, Florida; John Preston Bailey, BAILEY, RILEY, BUCH & HARMAN, L.C., Wheeling, West Virginia; Kevin S. Burger, MARGOLIS EDELSTEIN, Pittsburgh, Pennsylvania, for Appellants. Don A. Yannerella, Wheeling, West Virginia, for Appellees.

---

### OPINION

TRAXLER, Circuit Judge:

Appellants American Reliable Insurance Company, American Bankers Insurance Company of Florida, and Campbell Insurance Services, Inc. (collectively "Appellants"), appeal the district court's dismissal of their petition to compel arbitration of claims asserted against them in West Virginia state court by Appellees Robert and Helen Stillwell. *See American Reliable Ins. Co. v. Stillwell*, 212 F. Supp. 2d 621, 623-24 (N.D.W.Va. 2002). The district court dismissed Appellants' complaint on three alternative grounds: (1) the court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine; (2) American Reliable and Campbell had waived the right to arbitration; and (3) abstention was appropriate under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). On appeal, Appellants

challenge all three bases offered by the district court in support of the dismissal of their action to compel arbitration.

Appellants also appeal the district court's refusal to impose Rule 11 sanctions against the Stillwells for seeking attorney's fees and litigation costs. The Stillwells cross appeal the district court's denial of their motion for attorney's fees and costs. We affirm.

I.

In February 1999, the Stillwells purchased a homeowners policy issued by American Reliable. The policy contained an arbitration clause that provided, in part, as follows:

> Any and all disputes, controversies or claims of any kind and nature between you and us arising out of or in any way related to the validity, interpretation, performance or breach of any provisions of this policy, and upon which a settlement has not been reached by you and us, shall be resolved exclusively[,] by arbitration in accordance with the Federal Arbitration Act (9 U.S.C. § 1 ET SEQ).

J.A. 91. Shortly thereafter, the Stillwells' mobile home sustained damage in a wind storm. After an initial dispute about whether the loss was covered by the American Reliable policy, the parties settled the Stillwells' claim for property loss.

In February 2000, the Stillwells filed an action in state court against American Reliable and Campbell Insurance for various claims relating to the policy, alleging that American Reliable and Campbell Insurance handled their claim under the policy in bad faith and violated certain West Virginia statutory provisions regarding the handling of insurance claims.[1] American Reliable and Campbell filed an answer that included a number of affirmative defenses; however, the answer did not invoke the arbitration clause. In April 2001, the Stillwells amended the complaint to add American Bankers as a defendant

---

[1]Campbell Insurance was named as a defendant based on its alleged status as general agent for American Reliable.

and to convert the lawsuit into a class action.[2] For the first time, in answering the amended complaint, Appellants invoked the arbitration clause.

On May 1, 2001, after the state court proceedings had been in progress for 14 months, Appellants filed a joint motion in state court to compel arbitration and stay judicial proceedings, pursuant to the Federal Arbitration Act ("FAA"). *See* 9 U.S.C.A. §§ 1-16 (West 1999 & Supp. 2003). On June 11, 2001, the West Virginia state court denied Appellants' motion to compel arbitration and stay judicial proceedings, concluding that the policy was "a contract of adhesion" and that Appellants "proffered no evidence that the parties to this contract knowingly bargained for an arbitration clause." J.A. 121-22.

On May 18, 2001, while Appellants' motion to compel arbitration was pending in state court, Appellants filed, but did not serve, this action in federal court seeking to compel arbitration of the Stillwells' state law claims — the same issue that Appellants had raised and ultimately lost in state court. Appellants completed service of the federal complaint only after the state court denied their motion to compel arbitration three weeks later. Moreover, almost immediately after the state court issued its decision, Appellants filed a motion in district court to compel arbitration of the Stillwells' state law claims. Appellants argued that "the state court issued an erroneous ruling which failed to follow Federal law under the FAA and which denied the motion to compel arbitration" and urged the district court to rectify the situation by "enforc[ing] Federal law under the FAA and . . . enter[ing] an Order compelling the parties' dispute to arbitration." *American Reliable*, 212 F. Supp. 2d at 625. In response, the Stillwells filed a motion to dismiss the federal action on numerous grounds, including the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and principles of res judicata and collateral estoppel.

While awaiting a decision from the district court, Appellants attempted to obtain review of the state trial court's denial of arbitration in the West Virginia appellate courts. First, Appellants moved

---

[2]The Stillwells named American Bankers as a defendant because it was the parent company for American Reliable and allegedly processed the Stillwells' claim under the policy.

unsuccessfully in the state trial court for an order certifying the arbitration question for interlocutory appeal to the West Virginia Supreme Court of Appeals. Next, Appellants petitioned the West Virginia Supreme Court for a Writ of Prohibition against the enforcement of the trial court's order denying arbitration, which the supreme court refused to grant. Then, Appellants filed a petition seeking permission to appeal the state trial court's rejection of arbitration to the West Virginia Supreme Court, which was also denied. Ultimately, Appellants unsuccessfully sought review of the denial of the petition for appeal in the United States Supreme Court. *See American Reliable Ins. Co. v. Stillwell*, 123 S. Ct. 112 (2002).

The district court concluded that Appellants' federal lawsuit was the "'functional equivalent' of an appeal from the June 11, 2001 state court decision" denying arbitration — clearly demonstrated, the district court reasoned, by Appellants' "failure to actively pursue their complaint and petition to compel arbitration until after the state court ruling." *American Reliable*, 212 F. Supp. 2d at 627. Based on that conclusion, the district court held that it was precluded by the *Rooker-Feldman* doctrine from considering an identical motion to compel arbitration and dismissed the action for lack of subject matter jurisdiction.

Alternatively, the court found that Appellants, having "litigate[d] the state court case for a period of 14 months before they even mentioned that they wished to enforce the arbitration provision in the contract," waived the right to invoke the arbitration clause. *Id.* at 628.[3] Additionally, the district court determined that even if the *Rooker-Feldman* and waiver doctrines did not apply, federal court abstention was appropriate under the *Colorado River* doctrine of abstention because the federal "action was not filed until more than 14 months after the state court case was filed, the defendants are challenging the validity of the arbitration clause, which implicates state law, the state court forum is adequate to protect the federal plaintiffs' rights, and the

---

[3]The district court's waiver analysis did not apply to American Bankers, which was not added as a defendant until the case had been pending in state court for more than one year. *See American Reliable*, 212 F. Supp. 2d at 629.

state court has already ruled on the issue before this Court." *Id.* at 631.

On appeal, Appellants challenge each of the bases identified by the district court in support of its order of dismissal. Because we agree that the district court properly applied the *Rooker-Feldman* doctrine, we do not reach Appellants' additional arguments.

## II.

## A.

Under the *Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). We regard the doctrine as jurisdictional. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) ("Because the *Rooker-Feldman* doctrine is jurisdictional, we are obliged to address it before proceeding further in our analysis."); *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) ("Under the *Rooker-Feldman* doctrine, lower federal courts do not have jurisdiction to review state-court decisions."); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997) (noting that the *Rooker-Feldman* doctrine is a jurisdictional matter that a court is empowered to raise *sua sponte*). The notion that *Rooker-Feldman* is jurisdictional "rests on two basic propositions of federal jurisdiction." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). One is that "Congress . . . vested the authority to review state court judgments in the United States Supreme Court alone" under 28 U.S.C. § 1257(a). *Id.* at 198-99. The other is that "Congress has empowered the federal district courts to exercise only original jurisdiction." *Id.* at 199. The *Rooker-Feldman* doctrine, therefore, preserves a fundamental tenet in our system of federalism that, with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court. *See Plyler*, 129 F.3d at 731. A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, "amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Id.* at 733; *see Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th

Cir. 1997) (explaining that a litigant "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgment[ ] as a § 1983 claim"). For purposes of *Rooker-Feldman*, "[t]he controlling question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." *Jordahl*, 122 F.3d at 202; *see Brown & Root*, 211 F.3d at 202 ("[T]he pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." (alterations and internal quotation marks omitted)).

We agree with the district court's conclusion that Appellants' federal action was the "'functional equivalent' of an appeal from the June 11, 2001 state court decision." *American Reliable*, 212 F. Supp. 2d at 627. Appellants sought a federal court order requiring the arbitration of the Stillwells' state claims, precisely the same ruling denied to Appellants in state court. That is, Appellants were asking the federal courts to reach the "correct" result that they believe was denied in state court. *Rooker-Feldman* generally applies when a state-court litigant "sues in federal district court to readjudicate the same issues decided in the state court proceedings." *Brown & Root*, 211 F.3d at 201; *see id.* at 200 (applying *Rooker-Feldman* doctrine where the federal complaint sought "precisely the same relief denied by the state trial court" and the briefs filed presented "an argument which the state court had already rejected"); *Plyler*, 129 F.3d at 731 (explaining that *Rooker-Feldman* principles bar district court consideration of "issues actually presented to and decided by a state court"). Appellants' federal complaint sought, in substance if not in form, to reverse the state court's decision and send the Stillwells' claims to arbitration.

However, we need not rely only on the fact that Appellants are seeking adjudication of precisely the same claim rejected by the state court to apply *Rooker-Feldman*. Appellants submitted a brief to the district court making it plain that the purpose of the federal action was to correct the ruling of the state court:

> [T]he state court issued an erroneous ruling which failed to follow Federal law under the FAA and which denied the motion to compel arbitration on the ground that the arbitration clause had not been separately "bargained for." . . . The

state court's decision denying arbitration is directly contrary to binding United States Supreme Court authority under the FAA, which firmly holds that a court may not discriminate against an arbitration clause by enforcing all other provisions of a contract but not its arbitration clause. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995). Accordingly, the [Appellants] hereby move this Court to enforce Federal law under the FAA and to enter an Order compelling the parties' dispute to arbitration.

*American Reliable*, 212 F. Supp. 2d at 625. The *Rooker-Feldman* bar applies to claims such as this one where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl*, 122 F.3d at 202 (internal quotation marks omitted).

Thus, we conclude that Appellants' federal action is the functional equivalent of an appeal of the state court order denying arbitration and is impermissible under the *Rooker-Feldman* doctrine.

### B.

Appellants contend that the *Rooker-Feldman* doctrine cannot apply here because, although the underlying state action had been pending for more than one year, Appellants filed the federal action *before* the state court rendered its decision on the motion to compel arbitration. Appellants argue that because the *Rooker-Feldman* doctrine is considered jurisdictional, the critical time for determining whether it applies is at the time that the federal action is commenced. *See, e.g.*, *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (explaining that federal diversity jurisdiction "attaches at the commencement of an action" and subsequent events do not destroy the federal court's "authority to decide the case"). According to Appellants, therefore, a subsequent decision by the state court will not cause the federal court to lose subject matter jurisdiction — even, presumably, if the federal action raises precisely the same issue as that considered and disposed of by the state court. *Cf. Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994) ("That the federal court ultimately rejects the federal defense that supported removal under § 1442(a)(1) does not mean that it

thereby loses subject matter jurisdiction over the removed action; the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit." (internal quotation marks omitted)).

We cannot agree that the sequence in which the federal plaintiff files the action and the state court issues its judgment is absolutely controlling for *Rooker-Feldman* purposes. We have previously applied *Rooker-Feldman* despite the fact that the federal complaint was filed before the state court rendered its decision without expressly addressing the issue. *See Friedman's*, 290 F.3d at 195-97. Other circuits have done likewise. *See, e.g.*, *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 137-40, 143 (3d Cir. 1998) (applying *Rooker-Feldman* doctrine where federal action was commenced prior to state court's decision without discussing the filing sequence); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995) (per curiam) (same). With the issue now before the court, we conclude that the order in which the federal action was filed and the state decision issued is a relevant, but not controlling, consideration in answering the key question of "whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." *Jordahl*, 122 F.3d at 202.

To find otherwise would permit litigants to nullify the purpose of *Rooker-Feldman* by precisely the kind of ploy used here by Appellants. Appellants *filed* their federal action to compel arbitration prior to the state court's decision on Appellants' identical motion in state court. Appellants did not serve the Stillwells with the complaint, however, intending "to let the federal complaint sit in the Clerk's office without serving it while awaiting the state-court decision" and to pursue it only if Appellants lost in state court. J.A. 386. And, in fact, Appellants served process two days after the state court rendered them an unfavorable decision, and immediately filed an identical motion to compel arbitration in federal district court. In support of the motion to compel arbitration, Appellants argued that the state decision denying arbitration was erroneous. Clearly, Appellants were making the functional equivalent of an appeal of the state decision in district court; they should not be permitted to avoid *Rooker-Feldman* by preparing a complaint raising claims identical to those in state court, *i.e.*,

the "appeal", and filing it immediately prior to the state court decision in preparation for an adverse determination.

Although we treat *Rooker-Feldman* as a jurisdictional doctrine, there is undeniably substantial overlap between it and various doctrines of abstention and preclusion. *See Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 343 (4th Cir. 2002) (recognizing that "our dual system of government" is protected by "full faith and credit, the *Rooker-Feldman* doctrine, the *Erie* doctrine, abstention, and other similar doctrines"); *see also United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (observing that *Rooker-Feldman* is "a combination of the abstention and res judicata doctrines"); Barry Friedman & James E. Gaylord, *Rooker-Feldman, From the Ground Up*, 74 Notre Dame L. Rev. 1129, 1173-74 (1999) ("*Rooker-Feldman* . . . operates to plug any gap in the *Younger* and preclusion doctrines when a party who could have chosen to litigate in federal court instead chooses state court and then in the course of litigation becomes unhappy with that decision."). As the district court held, the application of abstention under *Colorado River* might well have been appropriate if it were not obvious that Appellants were effectively appealing the decision of the state court — for example, if Appellants had filed and pursued the federal petition to compel arbitration before or immediately after moving in state court for arbitration. *Cf. Vulcan*, 297 F.3d at 338 n.2 (holding that district court abused its discretion by failing to abstain from exercising its jurisdiction over an action to vacate an arbitration award where it "obtained jurisdiction over . . . [the arbitration] claim before the California court did.").

In sum, we hold that a party cannot avoid *Rooker-Feldman* merely by filing a complaint in federal court immediately before the state court renders its decision where it is patently obvious, as it was here, that the federal action is intended to be nothing more than an appeal of an unfavorable decision by the state court. The timing of the filing of the complaint in federal court is a relevant consideration, but it is not outcome determinative. This is consistent with the spirit of the *Rooker-Feldman* doctrine which, by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts.

## C.

Appellants object to the district court's application of *Rooker-Feldman* on one additional ground. Appellants argue that the district court erroneously applied *Rooker-Feldman* because the West Virginia Supreme Court, in refusing to reconsider its denial of Appellants' petition for appeal, stated that "an appeal of the merits of this matter continues to be premature" because "it appears that issues of fact and of state law have not been finally determined below, which issues may determine the questions of when and to what extent the Federal Arbitration Act applies." *Stillwell v. American Reliable Ins. Co.*, No. 012231 (W. Va. March 13, 2002). Appellants contend that the language used by the West Virginia Supreme Court in this order suggested that the circuit court's order denying arbitration was "preliminary" and "subject to change after further development of the factual record," Appellants' Answering and Reply Br. at 9, and that the application of Rooker-Feldman was therefore inappropriate. *Rooker-Feldman*, however, "applies to interlocutory orders issued by state courts . . . [because] [i]t cannot be the meaning of *Rooker-Feldman* that, while the inferior federal courts are barred from reviewing *final* decisions of state courts, they are free to review interlocutory orders." *Brown & Root*, 211 F.3d at 199 (internal quotation marks omitted) (second alteration in original). Appellants' argument seems to suggest that, for purposes of *Rooker-Feldman*, there is a distinction between a preliminary order and one that is merely interlocutory. The distinction is purely semantic. *See Black's Law Dictionary* 815 (6th ed. 1990) (defining an "interlocutory order" as "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits"). The state court rendered an adjudication on the merits of the arbitration issue which the West Virginia Supreme Court left standing. The fact that such an order may be theoretically subject to modification does not impact the *Rooker-Feldman* analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order. *See Campbell v. Greisberger*, 80 F.3d 703, 707 (2nd Cir. 1996) (applying *Rooker-Feldman* where state order denied federal plaintiff's claim but indicated the court would reconsider the issue if additional evidence was submitted);

*Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. and N.J. Police Dep't*, 973 F.2d 169, 178 (3d Cir. 1992) (finding *Rooker-Feldman* applicable because "the preliminary injunction issued by the New York trial court . . . resolved, at least for the moment, the dispute between the parties which forms the basis of the federal complaint at issue in this case"). Thus, we reject this argument as well.

### III.

The Stillwells cross appeal the district court's denial of their motion for attorney's fees and litigation expenses related to their opposition to Appellants' federal action seeking to compel arbitration. In turn, Appellants challenge the district court's denial of their motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, filed in response to the Stillwells' motion for attorney's fees.

Before the district court ruled on the issue of arbitration, the Stillwells filed a motion for attorney's fees and costs in the event that the district court ruled in their favor. The district court denied this motion because it found no statutory or common law basis permitting an award of fees. In denying the Stillwells' Rule 59(e) motion to alter or amend its order, the court explained that neither federal nor state law afforded a basis for recovery:

> West Virginia law is quite clear: The American rule that both sides of a civil controversy must pay their own attorney's fees remains the law in the absence of a statutory or contractual provision providing for recovery of attorney's fees or case law that carves out an exception. Because there is no statutory or contractual provision or case law that carves out an exception, the American Rule must apply.
>
> Further, there is no provision in the Federal Arbitration Act . . . that awards attorney's fees to a party who is successful in pursuing a motion to compel arbitration or in defeating a motion to compel arbitration. . . . [A]warding attorney's fees to a party who defeats a motion to compel arbitration under the FAA would frustrate Congress' intention to "rigorously enforce" arbitration agreements.

*American Reliable*, 212 F. Supp. 2d at 633-34. Generally, we review a district court's decision awarding or denying attorney's fees and costs for abuse of discretion. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999).

We conclude that the district court did not abuse its discretion in denying the Stillwells' motion for fees and costs. The Stillwells have failed to identify any statutory or common law basis that would support an award of attorney's fees, and there is no contractual provision in the policy that would permit fee-shifting. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263-64 (1975) (explaining that without statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorney's fees); *Helmick v. Potomac Edison Co.*, 406 S.E.2d 700, 709 (W. Va. 1991) (same). Although the Stillwells now suggest that a lower federal court has the inherent power to award attorney's fees as a sanction to control the conduct of litigants, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991), we decline to consider it because they failed to present this argument to the district court. Moreover, in filing this action, Appellants have not "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" such that the court abused its discretion in not awarding attorney's fees. *Chambers*, 501 U.S. at 45-46 (internal quotation marks omitted). Because the district court correctly determined that the Stillwells did not identify an appropriate basis for recovering fees and costs, the court did not abuse its discretion in denying their motion.[4]

We likewise conclude that the district court was within its discretion in denying Appellants' motion for sanctions pursuant Rule 11 of the Federal Rules of Civil Procedure. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 767 (4th Cir. 2003) (applying abuse of discretion standard of review to the imposition or denial of Rule 11 sanctions). Appellants moved for sanctions on the grounds that the Stillwells' motion for attorney's fees was frivolous and filed only as an improper litigation tactic. The district court denied the motion "be-

---

[4]As did the district court, we decline as unnecessary the Stillwells' request that we certify the question of attorney's fees to the West Virginia Supreme Court of Appeals. *See* W. Va. Code § 51-1A-3.

cause the [Stillwells'] motion for attorney's fees was not filed for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation." *American Reliable*, 212 F. Supp. 2d at 631. Moreover, "[a]lthough this Court does not agree with the defendants' argument that attorneys' fees should be granted, this Court does not find that the defendants' argument was frivolous." *Id.* at 631-32. On the record before us, we cannot say that the district court abused its discretion. Thus, we affirm the denial of Appellants' motion for Rule 11 sanctions as well.

IV.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

*AFFIRMED*