Jeffrey **KNICKMEIER**, Plaintiff–Appellant,

v.

**OFFICE OF LAWYER REGULATION, et al., Defendants–Appellees.**

No. 03–3946.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 2004.*

Decided May 3, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jeffrey D. Knickmeier, McFarland, WI, for Plaintiff–Appellant.

Peggy A. Lautenschlager, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

In June 2001, the Supreme Court of Wisconsin temporarily suspended Jeffrey Knickmeier's license to practice law until further notice, after the state's Office of Lawyer Regulation ("OLR") received a grievance alleging professional misconduct and sought a temporary suspension of his license. The Wisconsin supreme court subsequently denied Knickmeier's three motions for reconsideration or modification of the suspension order. The OLR initiated formal disciplinary proceedings, and in September 2003 a fact-finding hearing was held before a "referee," the Honorable Dennis J. Flynn. According to Knickmeier, that same month the referee issued his report to the supreme court recommending that the court revoke Knickmeier's license and reject his constitutional challenges to that court's procedure authorizing temporary suspensions. Knickmeier objected to that recommendation, and to our knowledge a decision from the Wisconsin supreme court is still pending.

Meanwhile, in August 2003, prior to his hearing before the referee, Knickmeier filed suit in federal district court seeking a declaration that the rules governing temporary suspensions in Wisconsin are unconstitutional, and damages from the director of the OLR. Knickmeier had raised the same constitutional challenges in one of his post-suspension motions before the state supreme court, and would do so again before the referee. The district court dismissed Knickmeier's complaint without prejudice, reasoning that it was required to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), because of the ongoing state judicial proceedings in the Wisconsin supreme court. We review this determination *de novo*, *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 727 (7th Cir.2001), and though we affirm the dismissal, we modify it to reflect that the district court lacked subject matter jurisdiction over Knickmeier's complaint.

The district court's abstention analysis would have been appropriate if not for a more fundamental problem with Knickmeier's claims. A decision to abstain assumes the existence of subject matter jurisdiction. *See Ohio Civil Rights Comm. v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). But we conclude that here the district court altogether lacked jurisdiction over Knickmeier's suit under the well-established *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Zurich Am. Ins. Co. v. Super. Ct. for the State of Cal.*, 326 F.3d 816, 821 (7th Cir.2002) (*Rooker–Feldman* doctrine is jurisdictional); *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995) (same). The *Rooker–Feldman* doctrine bars a lower federal court from exercising jurisdiction over an action that would require the court to review a civil matter that has been adjudicated by a state court or that is inextricably intertwined with a state court determination. *Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir.2001).

Knickmeier's lawsuit falls squarely within the doctrine. His federal complaint seeks to overturn the temporary suspension of his law license on the premise that Wisconsin's rules authorizing the suspension violate the federal constitution. But the order granting the OLR's request for a temporary suspension is a decision of the Wisconsin's supreme court, and that court also considered and rejected Knickmeier's constitutional challenges to the procedures underlying the suspension. Any further review must come from the Supreme Court of the United States, not the district court or this court. *See Johnson v. Sup. Ct. of Ill.,* 165 F.3d 1140, 1141 (7th Cir. 1999); *Levin v. Att'y Registration and Disciplinary Comm'n,* 74 F.3d 763, 766–67 (7th Cir.1996); *Leaf v. Sup. Ct. of Wis.,* 979 F.2d 589, 597–600 (7th Cir.1992). And though to our knowledge the question whether the temporary suspension will give way to formal discipline has yet to be finally resolved by the state supreme court, the propriety of the temporary suspension--which is all that Knickmeier complains about in his federal lawsuit--has been fully litigated. *See Am. Reliable Ins. Co. v. Stillwell,* 336 F.3d 311, 320 (4th Cir.2003) ("The state court rendered an adjudication on the merits of the arbitration issue which the West Virginia Supreme Court left standing. The fact that such an order may be theoretically subject to modification does not impact the *Rooker–Feldman* analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order."); *see also Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J. Police Dep't,* 973 F.2d 169, 178 (3rd Cir. 1992) (*Rooker–Feldman* would bar federal review of a state court preliminary injunction that "resolved, at least for the moment, the dispute between the parties which forms the basis of the federal complaint at issue in this case"). Moreover, even if the suspension order might be deemed interlocutory in the sense that it is temporary and can be lifted at any time by the Wisconsin supreme court until the conclusion of the formal disciplinary process, *Rooker–Feldman* still barred Knickmeier's suit because its obvious purpose was to circumvent review in the one federal court empowered to hear his contentions. *See Schmitt v. Schmitt,* 324 F.3d 484, 486–87 (7th Cir.2003).

Accordingly, the judgment of the district court is MODIFIED to reflect a dismissal for lack of subject matter jurisdiction, and as modified, is AFFIRMED.