**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-1377**

─────────

RODNEY E. HAYS,

             Plaintiff – Appellant,

       v.

TOWN OF GAULEY BRIDGE, WEST VIRGINIA, a West Virginia
Municipal Corporation; WILLIAM KINCAID, individually and in
his official capacity as Judge of the Gauley Bridge
Municipal Court; SEAN WHIPKEY, individually and in his
official capacity as a Town of Gauley Bridge Officer; HEATH
WHIPKEY, individually and in his official capacity as a
Town of Gauley Bridge Police Officer; CHARLES BURKHAMER,
individually and in his official capacity as a Town of
Gauley Bridge Police Officer,

             Defendants - Appellees.

─────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:09-cv-01272)

─────────

Submitted:  July 30, 2012          Decided:  August 14, 2012

─────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Rodney E. Hays, Appellant Pro Se.  Vaughn Sizemore, BAILEY &
WYANT, PLLC, Charleston, West Virginia, for Apellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney E. Hays appeals the district court's order adopting in part the recommendation of the magistrate judge and dismissing his claims, filed pursuant to 42 U.S.C. §§ 1983 and 1985(3) (2006), alleging the denial of due process of law and conspiracy, and his state law claims for negligence and intentional infliction of emotional distress. We have reviewed the record and find no reversible error. Accordingly, we affirm the disposition of these claims for the reasons stated by the district court. Hays v. Town of Gauley Bridge, No. 2:09-cv-01272 (S.D.W. Va. Mar. 29, 2011).

Hays's remaining claims were tried before a jury. On appeal, he asserts that the jury's verdict on his Fourth Amendment claim was unsupported by the evidence. As he did not object to the sufficiency of the evidence below, our scope of review is "exceedingly confined," and we will uphold the jury's verdict if it is supported by any evidence. Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 187 (4th Cir. 1994). Because evidence was presented below to support the jury's finding of probable cause, we reject Hays's challenge to the jury's verdict.

Hays also contests as inadequate the amount of the jury award in his favor on his Sixth Amendment claim. This challenge seems to be based on the district court's failure to

3

more fully direct Hays, who proceeded without counsel, as to how to pursue his rights during the litigative process, including at trial. However, "although pro se pleadings are construed liberally, the district court cannot serve as de facto counsel for pro se litigants, informing them of the appropriate procedural steps to take during litigation." GJR Inv., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Hays's argument to the contrary is without merit.

Finally, Hays alleges that the district court erred in denying Hays's motion for sanctions pursuant to Fed. R. Civ. P. 11, in which he asserted that opposing counsel made many frivolous and harassing legal arguments. We review the grant or denial of Rule 11 sanctions for abuse of discretion. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 321 (4th Cir. 2003). Our review of the record discloses that the district court did not abuse its discretion in declining to impose the requested sanctions.

Therefore, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4