**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1071**

ALLISON COLTER, on behalf of herself and all others similarly situated,

Plaintiff - Appellant,

v.

OMNI INSURANCE COMPANY; OMNI INDEMNITY COMPANY,

Defendants - Appellees.

**No. 17-1104**

ALLISON COLTER, on behalf of herself and all others similarly situated,

Plaintiff - Appellee,

v.

OMNI INSURANCE COMPANY; OMNI INDEMNITY COMPANY,

Defendants - Appellants.

Appeals from the United States District Court for the District of South Carolina, at Columbia. J. Michelle Childs, District Judge. (3:15-cv-04171-JMC)

Submitted: February 8, 2018                    Decided: February 15, 2018

Before MOTZ, TRAXLER, and DIAZ, Circuit Judges.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

Thomas Jefferson Goodwyn, Jr., Rachel Anna Gottlieb Peavy, GOODWYN LAW FIRM, LLC, Columbia, South Carolina, for Appellant/Cross-Appellee. Helen F. Hiser, Mount Pleasant, South Carolina, Brett H. Bayne, MCANGUS, GOUDELOCK & COURIE, LLC, Columbia, South Carolina, for Appellees/Cross-Appellants.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allison Colter appeals the district court's order dismissing her complaint pursuant to Fed. R. Civ. P. 12(b)(6), and denying her motion to amend her complaint (hereinafter, "dismissal order"). Colter also appeals the district court's order denying her postjudgment motion filed pursuant to Fed. R. Civ. P. 59(e). Omni Insurance Co. and Omni Indemnity Co. (collectively, "Omni") cross-appeal from the district court's denial of its request for sanctions pursuant to Fed. R. Civ. P. 11(c)(2). For the reasons that follow, we affirm the district court's order denying Colter's postjudgment motion and denying Omni's request for sanctions, and we dismiss Colter's appeal from the district court's dismissal order.

"[W]e have an independent obligation to verify the existence of appellate jurisdiction." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A notice of appeal must be filed no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).

However, when a party files a timely Rule 59 motion before filing a notice of appeal, the time to file an appeal runs from the entry of the order resolving the Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 59(e) motion must be filed within 28 days of entry of the district court's judgment. Fed. R. Civ. P. 59(e). A district court cannot extend the time to file a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2).

3

Here, the district court entered its dismissal order on July 12, 2016. On July 18, 2016, Colter filed an unopposed motion for an extension of time to file a Rule 59(e) motion. The district court granted Colter's motion, though it was without authority to do so. *See* Fed. R. Civ. P. 6(b)(2). Colter then filed her Rule 59(e) motion on August 24, 2016, more than 28 days after the entry of the district court's dismissal order, which rendered the motion untimely. The district court denied Colter's Rule 59(e) motion on January 7, 2017, and Colter noted an appeal from both the dismissal order and the order denying her Rule 59(e) motion on January 17, 2017. Omni noted its cross-appeal on January 27, 2017.

Because Colter's Rule 59(e) motion was not timely filed, the appeal period for the dismissal order was not tolled by the filing of that motion. *See* Fed. R. App. P. 4(a)(4)(A). Consequently, Colter's appeal from the dismissal order was filed well after the 30-day appeal period expired. We therefore lack jurisdiction to consider the district court's dismissal order. *See Bowles*, 551 U.S. at 214.

Colter seeks to avoid this result by arguing that she believed her Rule 59(e) motion would be timely filed and toll the appeal period because the district court granted her motion for an extension of time to file her Rule 59(e) motion. Colter's argument relies on the "unique circumstances doctrine." *See Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706-07 (4th Cir. 1996) (describing doctrine). Assuming that the unique circumstances doctrine was not wholly vitiated by *Bowles*, 551 U.S. at 214, we conclude that Colter's argument under that doctrine is foreclosed by our decision in *Panhorst v. United States*, 241 F.3d 367 (4th Cir. 2001). In *Panhorst*, we observed that "a party

4

cannot reasonably rely on a district court's improper extension of time where the party requests relief that, as a plain reading of the Rules [of Civil Procedure] would show, is beyond the court's authority." *Id.* at 373. Accordingly, Colter could not have reasonably relied on the district court's order granting her an extension of time to conclude that her Rule 59(e) motion would be timely filed.

We do, however, have jurisdiction to review the district court's order denying Colter's Rule 59(e) motion and denying Omni's request for sanctions. Beginning with Colter's postjudgment motion, because the motion was filed beyond the 28-day period provided in Rule 59(e), the district court should have construed the motion as a Fed. R. Civ. P. 60(b) motion.[*] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278 (4th Cir. 2008); *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). Nevertheless, we have reviewed the denial of Colter's postjudgment motion under the standards for both Rule 59(e) and Rule 60(b), and we conclude that the district court did not abuse its discretion in denying the motion. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (stating standard of review for Rule 60(b) motion); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407-13 (4th Cir. 2010) (same for Rule 59(e) motion and

---

[*] Colter raises this point in relation to the timeliness of her appeal from the dismissal order and contends that, if her Rule 59(e) motion was untimely, then the motion should be construed as a timely filed Rule 60(b) motion. However, construing Colter's Rule 59(e) motion as a Rule 60(b) motion does not affect the untimeliness of her appeal from the dismissal order because a Rule 60(b) motion only tolls the appeal period if filed within 28 days of the entry of judgment, Fed. R. App. P. 4(a)(4)(A)(vi), and Colter's motion was not filed within that period.

considering both Rule 59(e) and Rule 60(b) standards on appeal from denial of motion construed by district court as Rule 59(e) motion).

Finally, we discern no abuse of discretion in the district court's denial of Omni's request for sanctions because Omni failed to adhere to the mandates of Fed. R. Civ. P. 11(c)(2). *See Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 321 (4th Cir. 2003). Omni's request for sanctions was not contained in a separate motion, and Omni also ran afoul of Rule 11(c)(2)'s safe harbor provision. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (en banc).

Accordingly, we affirm the district court's order denying Colter's postjudgment motion and denying Omni's request for sanctions, and we dismiss Colter's appeal from the district court's dismissal order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*