[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15832
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00712-WHA-TFM

PETER PRITCHETT, JR.,

Plaintiff-Appellant,

versus

DEREK FARR,
Police Officer,
SHANE HOUSE,
Police Officer,
WADLEY POLICE DEPARTMENT,
RANDOLPH COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 21, 2014)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Peter Pritchett, a state prisoner proceeding pro se, appeals the district court's decision to dismiss his complaint. In May 2012 Pritchett was convicted in Alabama state court of electronic solicitation of a child and enticing a child to enter for immoral purposes.[1] In September 2012 Pritchett filed a pro se complaint under 42 U.S.C. § 1983 alleging that the two police officers who arrested him had violated his Fourth Amendment rights by searching his home and seizing his cell phone without a warrant or his consent.

The district court referred the complaint to a magistrate judge for pre-service screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and the magistrate judge issued a report and recommendation concluding that the complaint should be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim. The sole basis for its conclusion was that the complaint sought damages based on an allegation that the police officers unlawfully entered Pritchett's home and seized a cell phone that was later introduced at his criminal trial to convict him of the charges for which he was still in prison. The magistrate judge believed that Pritchett's claim was foreclosed by the Supreme Court's decision in Heck v. Humphrey, which held that

---

[1] Those are the descriptions that Pritchett provides in his pro se complaint. There are currently no filings in the record, such as a copy of the state court indictment or judgment, indicating which particular statutes Pritchett was convicted under.

2

a state prisoner's § 1983 suit must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his [still-outstanding] conviction or sentence." 512 U.S. 477, 487, 114 S.Ct. 2364, 2372 (1994). Pritchett objected, arguing that a favorable judgment in his § 1983 suit would not necessarily imply that his conviction was invalid because there was other inculpatory evidence introduced at his criminal trial, such as testimony by the victim. Though he did not cite to a specific portion of Heck, his argument is consistent with that decision's discussion of § 1983 suits based on unlawful search claims, which states:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Id. at 487 n.7, 114 S.Ct. at 2372 n.7 (citations omitted). The district court, however, was not persuaded and overruled Pritchett's objection. It reasoned that, "given the specific allegations" in Pritchett's complaint, "the search and seizure about which [he] complains could not be considered appropriate under any other legal doctrine, e.g., independent source." The district court then adopted the

3

magistrate judge's recommendation and ordered that Pritchett's claims against the officers be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

We review de novo the district court's decision to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  In doing so, we liberally construe Pritchett's pro se pleadings.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

The district court misapplied Heck's bar in two ways.  First, the court overlooked circuit precedent construing the term "necessarily."  This Court has understood that term to mean that "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred."  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007) (emphasis added); see also Datz v. Kilgore, 51 F.3d 252, 253 n.1 (11th Cir. 1995) (holding that Heck does not apply where the plaintiff's conviction in state court "might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error") (emphasis added).  The slim record in this case leaves open the possibility that a

---

[2] The magistrate judge read the pro se complaint as raising additional claims against the Wadley Police Department and the Randolph County Sheriff's Department.  But Pritchett's objection to the magistrate judge's report and recommendation stated that those departments were listed as the addresses of the officers, not as separate parties.  The district court nevertheless dismissed any claim that he might have raised against the departments, citing 28 U.S.C. § 1915(e)(2)(B)(i).  Pritchett does not challenge that aspect of the district court's order, so we need not consider it.  See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012) (holding that a party abandons an issue when it "fail[s] to list or otherwise state it as an issue on appeal").

judgment in favor of Pritchett would not implicate the validity of his convictions. The record includes Pritchett's three-paragraph pro se complaint and his four-page objection to the magistrate judge's report and recommendation, which provide only the barest details about Pritchett's trial. For example, they do not even indicate which particular statutes Pritchett was convicted under, much less the nature and extent of any other evidence against him. Without more, we cannot conclude that a civil judgment for Pritchett would necessarily imply that his criminal convictions were invalid. See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) ("In this case, the circumstances surrounding [the plaintiff's] convictions for burglary and receipt of stolen property are unknown from the record. It was impossible, therefore, for the district court to determine that a successful § 1983 action for unreasonable search and seizure necessarily implied the invalidity of those convictions.").

Second, the district court may have confused the legality of the search with the validity of the conviction. When it overruled Pritchett's objection, the court did so on the ground that "the search and seizure about which [he] complains could not be considered appropriate under any other legal doctrine, e.g., independent source." But the exception to Heck's bar turns on whether a judgment for Pritchett in this § 1983 suit would necessarily imply the invalidity of his state court

5

convictions, not on whether the search of his house could "be considered appropriate." See Heck, 512 U.S. at 487 n.7, 114 S.Ct. at 2372 n.7.

Nor do the allegations in Pritchett's complaint foreclose the possibility that his state convictions "might still be valid" in light of the doctrines discussed in Heck. See Datz, 51 F.3d at 253 n.1 (citing Heck, 512 U.S. at 487 n.7, 114 S.Ct. at 2372 n.7). For instance, it may well be the case that the information from Pritchett's phone introduced at trial — which we assume (for present purposes only) was text messages or records of phone calls to the victim — would have been admissible under the inevitable discovery doctrine because the police conceivably could have discovered that same evidence by looking at the victim's phone. See id.; cf. Kabat v. State, 867 So. 2d 1153, 1157 (Ala. Crim. App. 2003) (discussing "the inevitable-discovery exception" in Alabama criminal trials).

**VACATED AND REMANDED.**